# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **KELLY FORNEY,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 4:10-CV-509-VEH** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER OF** | ) |
| **SOCIAL SECURITY,** | ) |
| | ) |
|    **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the court is the Commissioner's Motion for Remand Under Sentence Six of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (Doc. 8) (the "Motion to Remand") filed on July 26, 2010. The Commissioner contends that reversal and remand is appropriate because "[s]ignificant portions of the cassette tape recordings of the Administrative Law Judge's hearing held on June 5, 2009 are inaudible." (Doc. 8 ¶ 1). The Commissioner further points out that "the joint conference committee of Congress, in reporting upon the Social Security Disability Amendments of 1980 . . . [indicated that] in some cases, procedural difficulties, such as an inaudible hearing tape or a lost file would necessitate a request for a remand by the Commissioner." (*Id.* ¶ 2).

On July 27, 2010, Plaintiff was ordered to show cause, within fourteen days, why the Commissioner's Motion to Remand should not be granted. (Doc. 9). On August 8, 2010, Plaintiff filed her response, indicating that she "has <u>no objection</u> to the Commissioner's Motion." (Doc. 10 at 1).

Under Sentence Four of 42 U.S.C. § 405(g), the court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting 42 U.S.C. § 405(g)). In light of Plaintiff's decision not to contest the remand and otherwise for good cause shown, the Commissioner's Motion to Remand is **GRANTED**. Accordingly, the decision of the Commissioner is hereby **REVERSED**, and this action is **REMANDED** to the Commissioner for further proceedings.

This order does not address Plaintiff's arguments in favor of reversal of the Commissioner's final decision that gave rise to this appeal, and is entered without prejudice to Plaintiff's right to reassert those arguments in a subsequent appeal should the Commissioner issue an unfavorable decision following remand.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days

subsequent to the receipt of a notice of award of benefits from the Social Security Administration.  *This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*

**DONE** and **ORDERED** this the 16th day of August, 2010.

                                                                                 **VIRGINIA EMERSON HOPKINS**
                                                                                 United States District Judge